IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                  No. CR 07-2238 JB

MATTHEW CLAYTON LLOYD,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Matthew Clayton Lloyd's Sealed Objection to Presentence Report, filed May 7, 2009 (Doc. 43); and (ii) the Plea Agreement, filed February 5, 2009 (Doc. 38). The Court held a hearing on May 15, 2009. The primary issues are: (i) whether the Court should adopt Lloyd's proposed modification to paragraph 63 of the Presentence Investigation Report ("PSR"); (ii) whether the Court should change Lloyd's legal address to that of Mr. Wayne Smith; and (iii) whether the Court should vary upward from the applicable guidelines imprisonment range to impose a sentence consistent with what the parties have contemplated in the Plea Agreement. For the reasons stated on the record, and for other reasons consistent with those already stated, the Court will sustain Lloyd's objection to the PSR and will amend paragraph 63 in the manner in which he has requested. The Court will also sustain his objection, made at the hearing, to the legal address listed in the PSR. Finally, the Court sees good reason to vary upwards from the advisory guidelines range in this case and will impose a sentence consistent with the parties' rule 11(c)(1)(C) agreement, which provides for a sentence above the guidelines imprisonment range.

## ANALYSIS

Lloyd raised his objection to paragraph 63 of the PSR in a sealed memorandum. The Court

also sealed the sentencing proceedings to discuss Lloyd's specific objections and dealt with them on the record. For the reasons stated on the record, the Court sustains the objection. Accordingly, paragraph 63 will be amended as stated at the hearing. The Court also sustains Lloyd's request to make Lloyd's legal address that of Wayne Smith, who was a foster parent to Lloyd for a brief period of time.

Aside from Lloyd's objections and requests, the Court must also determine whether an upward variance from the applicable guidelines sentencing range is appropriate in this case. The Court must impose a sentence that accurately reflects each of the factors set forth in 18 U.S.C. § 3553(a). In reaching an appropriate sentence, the Court cannot – unlike an appellate court – consider a sentence falling within the guidelines range as a presumptively reasonable sentence. See Gall v. United States, 128 S.Ct. 586, 597 (2007). Those factors that the Court must consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
> >
> > > (i) issued by the Sentencing Commission pursuant to section 994(a)(1)

of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Pursuant to the rule 11(c)(1)(C) plea agreement, Lloyd pled guilty to Counts 1, 3, and 4 of the superseding indictment for Criminal Number 07-CR-2238, with Count 1 reflecting a violation of 18 U.S.C. § 2119 for car jacking, Count 3 reflecting a violation of 18 U.S.C. §§ 2113(a) and (d) for armed bank robbery, and Count 4 reflecting a violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) for use and discharge of a firearm during and in relation to a crime of violence. See Plea Agreement

at 2.  Lloyd also pled guilty to Count 1 of the indictment in Criminal Number 08-CR-3048 JB, for armed bank robbery.  See Plea Agreement at 2.  The plea agreement states: "[T]he Defendant and the United States agree that a sentence of twenty-seven (27) years is appropriate in this case."  Id. at 4.

At the hearing, the Court noted that Count 4 of the superceding indictment carries a minimum imprisonment period of seven years, which must run consecutive to any sentence imposed on Count 3 of the superceding indictment.  See Plea Agreement at 3; 18 U.S.C. § 924(c)(1)(A).  Thus, to impose a sentence consistent with what the parties have contemplated in the plea agreement, while adhering to the statutory minimum on Count 4 of the superceding indictment, the parties agreed to breaking down the sentence in the following fashion: (i) for Count 1 of the superceding indictment in Criminal Number 07-CR-2238 JB, the Court will impose a sentence of 180 months; (ii) for Count 3 of the  superceding indictment in Criminal Number 07-CR-2238 JB, the Court imposes a sentence of 240 months; and (iii) on Count 1 of the indictment in Criminal Number 08-CR-3048 JB, the Court will impose a sentence of 240 months.  These sentences will run concurrently.  On Count 4 of the superceding indictment in Criminal Number 07-CR-2238 JB, the Court imposes a sentence of seven years, which will run consecutively to the sentences for the other Counts.

Imposing the sentence in such a way accomplishes two things.  First, the sentence comports with the statutory requirement of imposing a seven-year, consecutively run sentence for Count 4 of the  superceding indictment in Criminal Number 07-CR-2238 JB.  Second, such a sentence results in a total sentence of twenty-seven years, which is what the parties contemplated in the plea agreement.  The sentence, however, requires the Court to vary upwards from the applicable guidelines imprisonment range for Count 3 of the superceding indictment in Criminal Number 07-CR-2238 JB and for Count 1 in Criminal Number 08-CR-3048 JB.

The Court believes an upward variance, in line with what is reflected in the rule 11 (c)(1)(C)

agreement, is appropriate in this case. Lloyd's total offense level is 29, and his criminal history category is VI, establishing a guideline imprisonment range of 151 to 188 months. Pursuant to U.S.S.G. § 5G1.2, for Count IV, in case number 1:07 CR 002238 - 001, the guideline sentence is a statutory seven-year minimum – 84 months imprisonment, run consecutively to all other counts. The Court, however, will impose a sentence that totals twenty-seven years, consistent with the plea agreement.

In evaluating the factors reflected in 18 U.S.C. § 3553(a), the Court notes that Lloyd committed several crimes, including car jacking and two counts of armed bank robbery. When he carried out these crimes, he brandished and discharged a firearm. Moreover, considering the totality of the circumstances, and the ranges of sentences that the guidelines establish in this case, the Court notes, and Lloyd's counsel has acknowledged, that the United States could have brought more charges than they did. The plea agreement reflects the understanding that the United States is not bringing all of the charges it could have brought against Lloyd.

In other cases involving 11(c)(1)(C) agreements, the Court has varied downward to reflect the weakness of the United States' case against a defendant. The Court therefore believes it is appropriate to consider that the United States has a strong case against Lloyd on several counts. The strength of the United States' case weighs in favor of an upward variance.

The sentence the Court imposes also reflects the seriousness of the offenses and promotes respect for the law. It is fair to say that Lloyd was on a crime spree. Lloyd's actions put the public in considerable danger. Such a sentence is therefore appropriate to impress upon him the harm that he brought about and the serious nature of the crimes he committed.

Furthermore, the sentence reflects adequate deterrence and, at the same time, just punishment. Lloyd will be a much older man when he is released from prison. Because he will be older, the Court

believes his chance of recidivism will be reduced. He will also be specifically deterred, because he will be incarcerated for an extended period of time. This sentence will also generally deter others from committing similar crimes. Finally, because of some of the conditions of release that the Court will impose, Lloyd will be able to receive some of the counseling and care he needs to successfully integrate back into society.

Accordingly, the Court will impose a sentence consistent with what the parties requested in the plea agreement and will vary upward from the applicable guidelines imprisonment range sentence. Thus, for Count 1 of the superceding indictment in Criminal Number 07-CR-2238 JB, the Court will impose a sentence of 180 months. For Count 3 of the superceding indictment in Criminal Number 07-CR-2238 JB, the Court imposes a sentence of 240 months. On Count 1 of the indictment in Criminal Number 08-CR-3048 JB, the Court will impose a sentence of 240 months. These sentences will run concurrently. On Count 4 of the superceding indictment in Criminal Number 07-CR-2238 JB, the Court imposes a sentence of seven years, which will run consecutively. The Court will also impose five years of supervised release. The sentence, as imposed, totals twenty-seven years, consistent with the plea agreement.

In conclusion, the Court sustains Lloyd's objection to paragraph 63 of the PSR and his request to change his legal address on the PSR. The Court also imposes a sentence consistent with the one contemplated in the plea agreement and varies upward from the guideline imprisonment range in imposing the sentence.

**IT IS ORDERED** that the objection raised in the Sentencing Memorandum is sustained and a sentence consistent with the one contemplated in the plea agreement is imposed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregg J. Fouratt
  United States Attorney
Jack Burkhead
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Richard A. Winterbottom
  Assistant Public Defender
Federal Public Defender Office
Albuquerque, New Mexico

    *Attorney for the Defendant*