IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW CLAYTON LLOYD,

    Petitioner,

vs.                                                                                                 No. CIV 22-0665 JB/KK
                                                                                                       No. CR 07-2238 JB/KK

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Letter from Petitioner Matthew Clayton Lloyd to the Court (dated December 24, 2023), filed January 2, 2024 (CIV Doc. 9)("Motion to Withdraw"). Construed liberally, the Motion to Withdraw seeks to voluntarily dismiss the motion regarding a reduction in Petitioner Matthew Clayton Lloyd's federal sentence in Lloyd's Letter to the Court (dated September 5, 2022), filed September 9, 2022 (CIV Doc. 1; CR Doc. 72)("Opening Letter-Pleading"). Having considered the record and applicable law, the Court will grant the Motion to Withdraw and dismiss this habeas case without prejudice.

**BACKGROUND**

Lloyd is incarcerated at Lee United States Penitentiary in Jonesville, Virginia, and is proceeding pro se. See Motion to Withdraw at 2. In 2009, Lloyd pled guilty to carjacking in violation of 18 U.S.C. § 2119; two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). See Plea Agreement, filed February 5, 2009 (CR Doc. 38). The Court sentenced him to 27 years (224 months) imprisonment. See Judgment in a Criminal Case, filed October 6, 2009 (CR Doc. 46). Lloyd filed his first 28 U.S.C. § 2255 proceeding in 2016. See Amended Motion to Vacate

and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 24, 2016 (CR Doc. 55)("2016 Motion"). The Court dismissed the 2016 Motion after determining the claims fail as a matter of law. Memorandum Opinion and Order, filed August 31, 2016 (CR Doc. 59).

Lloyd initiated this § 2255 case on September 9, 2022, by filing the Opening Letter-Pleading. In the Opening Letter-Pleading, Lloyd explains that he wishes to assert a second or successive habeas claim under 28 U.S.C. § 2255, and under United States v. Taylor, 142 S. Ct. 2015 (2022). See Opening Pleading at 1. The Opening Letter-Pleading purports to challenge Lloyd's convictions in two separate criminal cases, CR No. 07-2238 JB and CR No. 08-3048 JB. See Opening Pleading at 1. The Clerk's Office opened a § 2255 habeas case associated with each criminal proceeding. This habeas case, CIV No. 22-0665 JB/KK, is associated with criminal case CR No. 07-2238 JB, while habeas CIV No. 22-0666 JB/JMR, is associated with criminal case CR No. 08-3048 JB. The matters have not been consolidated. The Court referred this habeas case, CIV No. 22-0665 JB/KK, to the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed September 14, 2022 (CIV Doc. 3).

Lloyd initially failed to file his claims on a 28 U.S.C. § 2255 form motion as directed, and by an Order entered March 13, 2023, the Court dismissed the Opening Letter-Pleading under rule 41 of the Federal Rules of Civil Procedure. See Order of Dismissal, filed March 13, 2023 (CV Doc. 4)("Dismissal Order"). Lloyd then filed a Letter from Matthew Clayton Lloyd to the Court (dated April 3, 2023), filed April 3, 2023 (CIV Doc. 6)("Motion to Reconsider"), which explained that he failed to cure deficiencies based on a mailing issue. See Motion to Reconsider Dismissal

at 1-2.  The Court granted the Motion to Reconsider and gave Lloyd another opportunity to file his § 2255 claims on the form motion.  See Memorandum Opinion and Order, filed November 30, 2023 (Doc. 8).

While the Motion to Reconsider was pending in this Court, Lloyd also filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 By a Person in Federal Custody in the United States Court of Appeals for the Tenth Circuit, filed June 27, 2023, Appellate Case 23-2094, United States Court of Appeals for the Tenth Circuit ("Tenth Circuit Application").  See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Court of Appeals] has granted the required authorization.").  By the Order in In Re: Matthew Clayton Lloyd, filed July 13, 2023, Appellate Case 23-2094, United States Court of Appeals for the Tenth Circuit ("Tenth Circuit Order"), the Tenth Circuit denied authorization for Lloyd to prosecute a second or successive § 2255 claim.  The Tenth Circuit Order notes that Lloyd cannot succeed on his proposed successive claim under United States v. Taylor. See Tenth Circuit Order at 3.  United States v. Taylor involves attempted Hobbs Act, 18 U.S.C. § 1951(a), robbery, while Lloyd's conviction involves armed bank robbery under a different criminal statute.  See Tenth Circuit Order at 3.

Rather than filing his § 2255 claims on the proper form in this case, Lloyd filed this Motion to Withdraw in both pending § 2255 habeas cases on January 2, 2024.  See Motion to Withdraw at 1.  Lloyd notifies the Court of the Tenth Circuit Order and acknowledges that he cannot assert a successive § 2255 claim.  See Motion to Withdraw at 1.  The Court discerns that Lloyd wishes to voluntarily dismiss this case pursuant to rule 41 of the Federal Rules of Civil Procedure, and the

matter is ready for review.

## ANALYSIS

Rule 41(a) of the Federal Rules of Civil Procedure gives plaintiffs an absolute right to dismiss an action without prejudice "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). See Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003)(noting the right to dismiss under rule 41(a)(1)(A)(i) is "absolute"). Courts regularly apply rule 41 to habeas corpus proceedings. See DeAtley v. Williams, 782 Fed. App'x 736, 737 (10th Cir. 2019)(unpublished)[1](affirming district court's dismissal of habeas petition under Rule 41); Hodge v. Utah, 669 Fed. App'x 942 (10th Cir. 2016)(unpublished)(affirming district court ruling and noting "petitioner doesn't advance any contention of error in the district court's dismissal of his [habeas] case under Rule 41(b)"). Cf. Manygoat v. Jacobs, 347 F. Supp. 3d 705, 707 (D.N.M. 2018)(Browning, J.)(dismissing habeas corpus petition under rule 41(b)).

Respondent has not entered an appearance in this habeas case, or filed an answer or

---

[1]DeAtley v. Williams is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent that its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that DeAtley v. Williams and Hodge v. Utah, 669 Fed. App'x 942 (10th Cir. 2016), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

summary judgment motion. Lloyd therefore qualifies for voluntary dismissal without prejudice rule 41(a). Based on the above authority, and because Lloyd cannot obtain the necessary authorization to pursue a successive § 2255 claim, the Court will grant the Motion to Withdraw and permit Lloyd to voluntarily dismiss the Opening Letter-Pleading without prejudice. To the extent necessary, the Court will also deny a certificate of appealability ("COA") under Habeas Rule 11, as the failure to prosecute this case is not reasonably debatable. See DeAtley v. Williams, 782 Fed. App'x at 737 (declining to issue a COA after district court dismissed habeas petition under rule 41 of the Federal Rules of Civil Procedure). For clarity, this ruling applies to the habeas petition pending in habeas case CIV 22-0665 JB/KK, associated with criminal case CR No. 07-2238 JB. The Court will separately consider Lloyd's request to withdraw his habeas petition pending in habeas CIV No. 22-0666 JB/JMR, associated with CR No. 08-3048 JB, as the two habeas proceedings have not been consolidated.

**IT IS ORDERED** that: (i) the request in the Letter from Petitioner Matthew Clayton Lloyd to the Court (dated December 24, 2023), filed January 2, 2024 (CIV Doc. 9), is granted; (ii) the motion regarding reduction of federal sentence in Petitioner Matthew Clayton Lloyd's Letter to the Court (dated September 5, 2022), filed September 9, 2022 (CIV Doc. 1; CR Doc. 72), is dismissed without prejudice; and (iii) the Court will enter a separate Final Judgment closing this civil habeas case, CIV 22-0665 JB/KK.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Matthew Clayton Lloyd
Jonesville, Virginia

    *Petitioner pro se*